Nos. 23-5343/5345

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 10, 2023
DEBORAH S. HUNT, Clerk

COMMONWEALTH OF KENTUCKY,                    )
                                             )
     Plaintiff-Appellant (No. 23-5343),       )
                                             )
and                                          )
                                             )
KENTUCKY CHAMBER OF COMMERCE, et al.,        )
                                             )
     Plaintiffs-Appellants (No. 23-5345),     )
                                             )
v.                                           )                    O R D E R
                                             )
UNITED STATES ENVIRONMENTAL                  )
PROTECTION AGENCY, et al.,                   )
                                             )
     Defendants-Appellees.                    )

Before: GUY, KETHLEDGE, and BUSH, Circuit Judges.

In these related appeals, Plaintiffs—the Commonwealth of Kentucky and several private-sector organizations and associations ("Associations")—appeal from a district court order denying a preliminary injunction against enforcement of a rule promulgated by the Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers titled "Revised Definition of 'Waters of the United States,'" ("the Final Rule") and dismissing Plaintiffs' consolidated action for lack of standing. Plaintiffs filed separate motions for an injunction pending appeal in the district court on April 4, 2023, which remain pending. Plaintiffs now separately

move for an injunction pending appeal in this court.  Defendants the EPA, the Army Corps of

Engineers, and several of their administrators (collectively, "the Agencies") respond in opposition.

Plaintiffs reply.

We issued an administrative stay in both cases, enjoining enforcement of the Final Rule

within the Commonwealth of Kentucky and against the Associations and their members until May

10, 2023.  In both cases, the National Federation of Independent Business Small Business Legal

Center, Inc. ("NFIB Legal Center") moves to file an oversized amicus brief in support of Plaintiffs'

motion for a preliminary injunction pending appeal and tenders its brief.

"We consider four factors when determining whether to grant an injunction pending

appeal:  (1) whether the applicant is likely to succeed on the merits of the appeal; (2) whether the

applicant will be irreparably harmed absent the injunction; (3) whether the injunction will injure

the other parties; and (4) whether the public interest favors an injunction."  *Livingston Educ. Serv.*

*Agency v. Becerra*, 35 F.4th 489, 491 (6th Cir. 2022) (order) (quoting *Monclova Christian Acad.*

*v. Toledo-Lucas Cnty. Health Dep't*, 984 F.3d 477, 479 (6th Cir. 2020) (order)).  "Whether the

movant is likely to succeed on the merits is a question of law we review de novo."  *City of Pontiac*

*Ret. Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (order) (per curiam).  We review

"for abuse of discretion, however, the district court's ultimate determination as to whether the four

preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief."

*Id.* (quoting *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)).

Plaintiffs argue that they are likely to succeed on appeal for three reasons.  First, they argue

that the district court erred in dismissing the case for lack of standing.  Second, Plaintiffs argue

that the district court erred in dismissing the action without proper notice.  Finally, Plaintiffs argue

that they met their burden for obtaining a preliminary injunction.

The district court concluded that Plaintiffs lacked standing because they could not identify a sufficient injury.  We review a dismissal based on standing de novo.  *Am. Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 540 (6th Cir. 2004).  To establish Article III standing, a party must show that is has suffered an "injury in fact," which is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," that there is a traceable connection between the challenged conduct and the alleged injury, and that a favorable decision by the court is likely to redress the injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).  Plaintiffs bear the burden of establishing each element, and "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," because at that stage, we "presume that general allegations embrace those specific facts that are necessary to support the claim."  *Id.* (quoting *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889 (1990)).  Meanwhile, at the preliminary-injunction stage, Plaintiffs must show that they have a reasonable chance of proving facts—after discovery—that support standing.  *See Memphis A. Philip Randolph Institute v. Hargett*, 978 F.3d 378, 386 (6th Cir. 2020); *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021).

Here, Plaintiffs have alleged injuries resulting from the Final Rule's expansion of waters designated as "navigable waters of the United States."  Kentucky alleged that this expansion causes more of its lands and waters to be subject to federal oversight, which in turn intrudes on its "traditional and primary power over land and water use."  *Solid Waste Agency of Northern Cook Cnty. v. U.S. Army Corps of Eng'rs*, 531 U.S. 159, 174 (2001) ("*SWANCC*"); *see Kentucky v. Biden*, 23 F4th 585, 598 (6th Cir. 2022) ("*Biden I*").  The Associations likewise alleged that the expansion will cause portions of their members' property to become "subject to federal authority," which devalues the properties, limits the use of the properties, and forces the members to submit

to an expensive and time-consuming permitting process.  *See Online Merchs. Guild v. Cameron*, 995 F.3d 540, 549 (6th Cir. 2021); *Kentucky v. Yellen*, 54 F.4th 325, 343 (6th Cir. 2022). These general allegations of injury likely suffice at the pleading stage.

As for the likelihood of proving facts to support these allegations, the Agencies admitted that that Final Rule does in fact sweep additional waters into their jurisdiction.  *See* Economic Analysis Excerpt, R.31-5, Page ID# 1053.  Given that admission, discovery very likely will allow Kentucky to show that at least one water within its borders is now within the agencies' jurisdiction and thus that its sovereign interests are harmed.  So too will discovery likely allow the Associations to show that one of their members face the costs outlined above.  In fact, one member of the Kentucky Chamber of Commerce already said that three of its projects are likely to be affected by the Rule, and that fees associated with one project "are anticipated to rise by greater than 75%." R.13-1, PageID# 166.  Thus, Plaintiffs likely have shown a reasonable chance of proving the above expansion-based injuries, which is enough for them to establish standing for our purposes here.

We also address ripeness because the district court cited it as a basis for dismissal. Ripeness asks whether the alleged injury-in-fact is "certainly impending." *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997) (quoting *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996)). To establish ripeness, the plaintiff must show "actual present harm or a significant possibility of future harm." *Id.* at 279.  For the reasons discussed above, Plaintiffs' likelihood of success in establishing standing indicates a likelihood of success in showing ripeness and that the district court erred in concluding otherwise.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("The standing question thus bears close affinity to questions of ripeness . . . .").

The district court declined to reach the likelihood of success on the merits of Plaintiffs' substantive challenge to the Final Rule given its conclusions on standing and ripeness. Although we need not detail our reasoning at this preliminary stage of the appeal, we think Plaintiffs will likely prevail in their challenge to the Final Rule's validity. *See Texas v. EPA¸* No. 23-cv-17, 2023 WL 2574591, at *7–10 (S.D. Tx. Mar. 19, 2023); *West Virginia v. EPA*, No. 23-cv-032, 2023 WL 2914389, at *9–15 (D. N.D. Apr. 12, 2023).

Kentucky alleges that it faces irreparable injury absent an injunction in two ways:  because the Final Rule infringes on its sovereignty and because it will incur unrecoverable compliance costs. The Associations claim only the latter.  *See Biden I*, 23 F.4th at 611–12 n.19; *see also Georgia v. Pruitt*, 326 F. Supp. 3d 1356, 1367 (S.D. Ga. 2018) (collecting cases where loss of state sovereignty was deemed irreparable harm).  The Agencies dispute Kentucky's reliance on that case.  Although the Agencies provide a reasonable reading of *Biden I*, there is ample caselaw to support Kentucky's loss of sovereignty argument, and as such it has shown that it likely faces irreparable injury if the Final Rule is not enjoined.

As for the Associations' claim that they face irreparable injury due to unrecoverable compliance costs, the Agencies' respond that the Associations allege no specific compliance costs they face, and that "reading a rule" to determine whether and how it applies, is not a compliance cost.  The Agencies attempt to distinguish *Biden II*.  But their argument significantly understates the costs of the Associations' obligation under the Final Rule.  The Associations have submitted declarations from several of their members attesting to upcoming projects that would be affected by the Final Rule, for which they would "need to hire consultants to determine what project changes, permitting, or mitigation may be required under the rule."  If they don't take steps to maintain compliance, they risk significant fines and imprisonment.  Given that the Agencies admit

in their Economic Assessment that jurisdictional changes will occur under the Final Rule, the apparent confusion over what new waters the Final Rule will cover and the likelihood that the Associations will incur costs to ensure their compliance weigh in favor of granting an injunction.

The balance of equities "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). We have noted that "'the public interest lies in a correct application' of the law." *Biden II*, 57 F.4th at 556 (quoting *Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006)). Staying enforcement of the Final Rule is also appropriate pending the Supreme Court's opinion in *Sackett v. EPA*, No. 21-454 (U.S.) (argued Oct. 3, 2022), which will address the significant nexus test and therefore may have significant effects on the Final Rule. And finally, the Associations submit that their members "have ongoing or planned activities that will affect, as well as those that may affect, newly jurisdictional waters and wetlands [and] are already incurring costs to maintain compliance and stave off enforcement." Thus, this factor weighs in favor of an injunction.

NFIB Legal Center moves unopposed for leave to file an oversize amicus brief. Federal Rule of Appellate Procedure 27 does not address the filing of amicus briefs. *See generally* Fed. R. App. P. 27. But we may grant leave to file an amicus brief when "desirable and . . . the matters asserted are relevant to the disposition of the case," but the brief must comply with several formatting requirements, including a table of contents and a table of authorities. Fed. R. App. P. 29(a)(3)(B), (4). The brief proffered by NFIB Legal Center meets the formatting requirements, includes substantive law, and offers insight from an organization with interests relevant to the case. No party opposes NFIB Legal Center's appearance as amicus, *see* Fed. R. App. P. 29(a)(2), and its appearance will not result in a judge's disqualification from the panel, *see id.* The motion for leave to file an amicus brief will therefore be granted.

Accordingly, Kentucky's motion for an injunction pending appeal is **GRANTED**.  The

Associations' motion for an injunction pending appeal is also **GRANTED**.  Finally, NFIB Legal

Center's motion to file an oversize amicus brief is **GRANTED**.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk