Nos. 23-5345

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

COMMONWEALTH OF KENTUCKY, et al.,
Plaintiffs-Appellants,

v.

ENVIRONMENTAL PROTECTION AGENCY, et al.,
Defendants-Appellees.

On Appeal from the U.S. District Court for the Eastern District of Kentucky
No. 3:23-cv-7 (Hon. Gregory F. Van Tatenhove, U.S. District Judge)

**DEFENDANTS-APPELLEES' UNOPPOSED MOTION FOR ABEYANCE**

TODD KIM
Assistant Attorney General
BRIAN C. TOTH
ARIELLE MOURRAIN JEFFRIES
Attorneys
Environment and Natural Resources
Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3140
arielle.jeffries@usdoj.gov

Defendants-Appellees request that these related appeals be held in abeyance until the Environmental Protection Agency and Army Corps of Engineers ("Agencies") issue a new final rule amending the regulations defining "waters of the United States" under the Clean Water Act. Plaintiffs-Appellants do not oppose the Agencies' request at this time, provided that (1) the abeyance does not affect the current injunction pending appeal (entered May 10, 2023); (2) the Agencies agree that Appellants' position does not prejudice their ability to seek vacatur of the district court opinion under the *Munsingwear* doctrine if and when appropriate; and (3) the Agencies be required to submit regular status reports on the progress of the final rule. Defendants-Appellees do not object to those proposed conditions of abeyance.

## BACKGROUND

On January 18, 2023, the Agencies published the Revised Definition of "Waters of the United States," 88 Fed. Reg. 3004 ("2023 Rule" or "Rule"). The State of Kentucky and several trade associations ("Plaintiffs"), moved to preliminarily enjoin the Rule. The district court denied Plaintiffs' motions and dismissed Plaintiffs' claims for lack of standing and ripeness. Plaintiffs appealed in both cases and moved for injunctions pending appeal. This Court granted Plaintiffs' motions and enjoined the Rule's enforcement in the state of Kentucky, and against all Plaintiffs and their members.

On May 25, 2023, the Supreme Court issued an opinion in *Sackett v. EPA*, 143 S. Ct. 1322, which addresses the standard for determining what constitutes "waters of the United States." On June 26, 2023, the Agencies announced that they are developing a new rule to amend the 2023 Rule consistent with the Supreme Court's decision. U.S. EPA, *Amendments to the 2023 Rule*, https://www.epa.gov/wotus/amendments-2023-rule. The Agencies intend to issue a final rule by September 1, 2023. *Id.* Given the forthcoming rulemaking, the Agencies seek to hold these appeals in abeyance pending publication of the final rule in the Federal Register.

## ARGUMENT

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This authority is "incidental to the power inherent in every court to control" its docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A Court may hold its own proceedings in abeyance when it would serve "economy of time and effort for itself, for counsel, and for litigants." *Id.*; *see also Pacheco v. Garland*, No. 21-3104, 2021 U.S. App. LEXIS 18546, at *1 (6th Cir. June 21, 2021) (stating that an abeyance can prevent the "unnecessary or redundant use of judicial resources").

An abeyance here would conserve the Parties' resources and would promote judicial economy. The Agencies' forthcoming final rule is likely to

2

affect the ultimate resolution of this appeal in that it may narrow the issues that the Court chooses to resolve. An abeyance would allow the Parties time to assess the new rule and determine how to best proceed with the case. Allowing the Parties time to react to the new rule would avoid unnecessary litigation in the interim, conserving the resources of both the Parties and the Court.

The requested abeyance would be appropriately limited in duration so that it would not unduly delay any further proceedings in these appeals. Plaintiffs' opening briefs are currently due on July 14, 2023. The Agencies intend to issue a new final rule by September 1, 2023, only a month and a half later. No Party would be prejudiced by the abeyance. When the new rule is issued, the Agencies will promptly submit the rule for publication in the Federal Register. Once published, the Parties would examine that official version of the new rule in assessing whether and how this litigation should continue. In the meantime, the 2023 Rule has been stayed as to Plaintiffs and their members and within Kentucky. The Agencies have also conferred with Plaintiffs, and Plaintiffs do not oppose this motion on the conditions identified on page 1.

The Agencies will promptly notify the Court and the Parties when the new rule is published in the Federal Register, and they agree to provide status reports during the duration of the abeyance as the Court deems appropriate. And any

party can move this Court to lift or extend the abeyance before it expires if circumstances should so warrant.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and hold these appeals in abeyance pending publication of a new final rule regarding the definition of "waters of the United States" in the Federal Register.

                  Respectfully submitted,

                  TODD KIM
                  Assistant Attorney General

                  *s/ Brian C. Toth*
                  BRIAN C. TOTH
                  ARIELLE MOURRAIN JEFFRIES
                  Attorneys
                  Environment & Natural Resources Division
                  U.S. Department of Justice
                  Post Office Box 7415
                  Washington, D.C. 20044
                  (202) 532-3140
                  arielle.jeffries@usdoj.gov

June 30, 2023           *Counsel for Defendants/Appellees*
90-5-1-4-22350

# CERTIFICATE OF COMPLIANCE

I hereby certify:

1.　　This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Rule 32(f), this document contains 737 words.

2.　　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

*s/ Brian C. Toth*
BRIAN C. TOTH
*Counsel for Defendants/Appellees*